IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEFFERY WILLIAMS, # 147343, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:14cv931-WKW |
| ) | (WO) |
| LEON FORNISS, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama prisoner Jeffery Williams ("Williams"). *See* Doc. Nos. 1, 2 & 5. Williams contends he was denied due process and equal protection in a prison disciplinary proceeding that took place while he was incarcerated at the Staton Correctional Facility in Elmore, Alabama. For the reasons set forth below, the court finds the petition should be dismissed.[1]

**I.  BACKGROUND**

Williams was serving a lengthy state sentence for various counts of rape, sodomy, kidnapping, and robbery, when a disciplinary action was initiated against him for violating Alabama Department of Corrections disciplinary Rule # 911, sexual assault against another

---

[1] The court has conducted a preliminary review of the petition and concludes the petition is subject to dismissal without directing an answer by the named respondents. *See* Rule 4, *Rules Governing Section 2254 Cases in the United States District Courts*; 28 U.S.C. § 2243.

inmate. The hearing officer found Williams guilty of the charged infraction. The sanctions imposed upon Williams for violating Rule # 911 were loss of visitation and store privileges for 45 days and referral for classification review. *See* Doc. No. 5 at 1. Williams lost no good-time credit because of the guilty disciplinary finding.

Williams challenged the hearing officer's decision by filing a petition for writ of certiorari in the Circuit Court of Montgomery County, Alabama. That court dismissed his petition in November 2013. Williams appealed to the Alabama Court of Criminal Appeals, which affirmed the circuit court's judgment. He then filed a petition for certiorari review with the Alabama Supreme Court, which was denied. He filed the instant 28 U.S.C. § 2254 petition on September 3, 2014.

## II.  DISCUSSION

Williams contends he was denied due process and equal protection in his prison disciplinary proceeding. *See* Doc. Nos. 1, 2 & 5. However, his claims are not cognizable in a federal habeas action. The central purpose of the writ of habeas corpus, whether under 28 U.S.C. § 2254 or 28 U.S.C. § 2241, is to provide a remedy to prisoners challenging the "fact or duration" of their physical confinement and are seeking immediate release or an earlier release. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "[T]he common-law history of the writ, ... the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Id*. The only relief that can be gained in a habeas action is an immediate

or speedier release from custody. *Id*.

Here, Williams is not challenging the fact or duration of his confinement. He is not attacking the state court judgment under which he is in custody. *See* 28 U.S.C. § 2254(a). He lost no good-time credit because of the guilty disciplinary finding. Therefore, his allegations are not consistent with a petition for a writ of habeas corpus.

Although Williams's allegations are typically presented in an action under 42 U.S.C. § 1983,[2] this court is not inclined to construe his petition as a civil rights complaint through which he could challenge the conditions of his confinement in connection with the disciplinary case. The required filing fee for a civil rights case is $350.00. More importantly, any attempt by Williams to proceed, or refile his suit, under § 1983 would be frivolous. Williams's loss of visitation and store privileges and referral for classification review do not implicate the protections of the Due Process Clause.

In *Sandin v. Connor*, 515 U.S. 472, 484 (1995), the Supreme Court recognized only two instances in which a prisoner may claim a constitutionally protected liberty interest[3] that

---

[2] The Eleventh Circuit has recognized that "there exists an '"ambiguous borderland" between habeas corpus and section 1983,' *McKinnis v. Mosely*, 693 F.2d 1054, 1056 (11th Cir. 1982) (per curiam), quoting M. Bator, D. Shapiro, H. Wechsler, *Hart and Wechsler's The Federal Courts and Federal System* 415 (1981 Supp.), the boundaries of which are not always readily apparent." *Prather v. Norman*, 901 F.2d 915, 920 n.8 (11th Cir. 1990).

[3] When a constitutionally protected liberty interest is implicated, the inmate is entitled to: (1) written notice of the charges brought against him at least twenty-four hours before the hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written
(continued...)

implicates constitutional due process concerns: (1) when actions of correctional officials have the effect of altering the inmate's term of imprisonment, and (2) where a prison restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 483-84.  The Court in *Sandin* specifically rejected the contention that any action taken by correctional officials as a punitive measure necessarily encroaches upon a liberty interest protected under the Due Process Clause. *Id*. at 484.  "Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law." *Id*. at 485.

Williams's loss of visitation and store privileges for 45 days is neither "atypical" nor a "significant hardship" under the *Sandin* analysis.  The restriction of privileges is not a dramatic departure from the ordinary conditions of confinement, nor is it a major disruption in a prisoner's environment. *Sandin*, 515 U.S. at 485. *See also Overton v. Bazzetta*, 539 U.S. 126, 136-37 (2003) (providing that temporary withdrawal of visitation privileges for disciplinary purposes was "not a dramatic departure from accepted standards for conditions of confinement"); *Moore v. Pemberton*, 110 F.3d 22, 23 (7th Cir. 1997) (prisoner suffered no liberty loss when he received as disciplinary punishment a verbal reprimand, two-week loss of commissary privileges, and a suspended, 15-day disciplinary segregation sentence).

---

[3](...continued)
statement of the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). The factfinder's decision need only be supported by "some evidence." *Superintendent, Mass. Correctional Inst. v. Hill*, 474 U.S. 445, 455–56 (1985).

Therefore, Williams suffered no deprivation of a liberty interest when his privileges were restricted.[4] Moreover, referral for classification review "though concededly punitive, does not represent a dramatic departure from the basic conditions" of the sentence imposed upon Williams. *Sandin*, 515 U.S. at 485. *See Lee v. Thomas*, 2011 WL 624486, at *9 (M.D. Ala. Jan. 21, 2011); *Gay v. McGhee*, 2009 WL 3063331, at *5 (M.D. Ala. Sep. 22, 2009). Because the sanctions levied against Williams failed to "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *Sandin*. 515 U.S. at 484, they cannot trigger constitutional due process protection.[5]

Williams also fails to set forth sufficient facts to support a claim of an equal protection violation regarding the disciplinary action taken against him. To establish a claim cognizable under the Equal Protection Clause, "a prisoner must [at a minimum] demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion,

---

[4] Alabama courts have determined that a prisoner has no liberty interest in store privileges, *Zamudio v. State*, 615 So.2d 156, 157 (Ala. Crim. App. 1993); *Summerford v. State*, 466 So.2d 182, 185 (Ala. Crim. App. 1985). Since the decision in *Sandin*, one Alabama court has held that a prisoner was not deprived of a liberty interest by a disciplinary sentence consisting of 32 days in segregation and the loss of store, telephone, and visitation privileges. *Dumas v. State*, 675 So.2d 87, 88 (Ala. Crim. App. 1995).

[5] Williams also argues correctional officials violated his constitutional rights when they failed to follow the administrative requirements set forth in the rules and regulations of the Alabama Department of Corrections governing disciplinary proceedings. The alleged circumvention of departmental rules/regulations does not constitute a violation of an inmate's constitutional rights. *See Sandin v. Conner*, 515 U.S. 472 (1995); *Harris v. Birmingham Board of Education*, 817 F.2d 1525 (11th Cir. 1987).

national origin, or some other constitutionally protected basis. *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001); *Damiano v. Florida Parole and Prob. Comm'n*, 785 F.2d 929, 932–33 (11th Cir. 1986). "[O]fficial action will not be held unconstitutional solely because it results in a ... disproportionate impact.... Proof of ... discriminatory intent or purpose is required to show a violation of the Equal Protection Clause." *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 264–65 (1977). Williams fails to present evidence, probative or otherwise, that race or some other constitutionally impermissible factor constituted a motivating factor in the actions about which he complains. Other than his conclusory allegation that correctional officials violated his equal protection rights regarding imposition of the disciplinary, Williams's pleading is devoid of any evidence that correctional officials acted in an intentionally discriminatory manner. The allegations presented by Williams warrant no inference of discriminatory intent.

For the reasons set forth above, Williams's claims do not rise to the level of a constitutional violation as a matter of law.[6]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for a writ of habeas corpus be DISMISSED, because Williams has failed to demonstrate that the disciplinary action gives rise to any claim for federal habeas relief and

---

[6] To state a claim under § 1983, there must be a violation of the Constitution. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986).

has stated no claim for a denial of his constitutional rights to due process and equal protection.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **October 8, 2014**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 24th day of September, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE